**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

U.S   STRICT COURT
D. , R'(.T OF N.H.
F'LED

2010 I.;.'Y - 4  A II: 08

|  |  |  |
|---|---|---|
| HAROLD PETERSON<br>            Plaintiff,<br><br>v.<br><br>BARACK OBAMA II, President<br>of the United States of America;<br>UNITED STATES OF AMERICA;<br>UNITED STATES CONGRESS;<br>UNITED STATES SENATE;<br>UNITED STATES HOUSE OF<br>REPRESENTATIVES<br>            Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _l:/0-fp-17)_ |

**PETITION FOR DECLARATORY JUDGMENT**
**AND PRELIMINARY INJUNCTIVE RELIEF**

NOW COMES the plaintiff, Harold Peterson, pro-se and alleges as follows:

**JURISDICTION AND VENUE**

1. This action is founded upon the Constitution of the United States of America. As such, this Court has jurisdiction over the defendants under 28 U.SC. §1346(a)(2).

2. This is a civil action claiming violations of the Fifth, Tenth and Fourteenth Amendments and Article 1 Section 8 and Article 6 of the Constitution of the United States of America. As such, this Court has jurisdiction under 28 U.S.C. § 1331.

3. This action seeks declaratory relief. As such, this Court has jurisdiction under 28 U.S.C. § 2201(a) and 28 U.S.C. § 2202. (Declaratory Judgment Act)

4. This action seeks injunctive relief. As such, this Court has jurisdiction under 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1343(a)(4).

5. This is a civil action in which an officer or employee of the United States of America acting in his official capacity or under color of legal authority and an agency of the United States are defendants. Plaintiff resides in this judicial district. No real property is involved in this action. Venue is therefore proper under 28 U.S.C. § 1391(e).

## PARTIES

**Plaintiff**

6. Plaintiff, **Harold Peterson**, is a citizen of the United States of America and a resident of the State of New Hampshire, although he is receiving Social Security and Medicare benefits, he still is self-employed as a consultant and works fulltime. He is subject to the changes in Medicare caused by the health care bill described in this Petition, which changes, according to the information released, would be a reduction in Medicare benefits and increased costs.

**Defendants**

7. Defendant, **Barack Obama II** (Obama), is the President of the United States of America. He is being sued in his official capacity as President.

8. Defendant, **United States of America** ("United States"), is a Federal constitutional republic comprised of fifty states and a Federal district.

9. Defendant, **Congress of the United States** (Congress), is the bicameral legislature of the Federal Government of the United States.

10. Defendant, **United States Senate** ("Senate"), is the upper house of the bicameral United States Congress which is the legislative branch of government of the United States.

11. Defendant, **United States House of Representatives** (the "House"), is the lower house of he bicameral United States Congress, which is the legislative branch of government of the United States.

## NATURE OF THE ACTION

12. On March 23, 2010, a new universal healthcare regime, titled the "Patient Protection and Affordable Care Act, H.R. 3590 (the "Act"), was signed into law by Obama.

13. The Act mandates, among other provisions, that all citizens and legal residents of the United States have qualifying healthcare coverage or pay a penalty.

14. In addition, the Act provides for reducing the Medicare Budget, which could endanger the healthcare coverage for all members of Medicare.

15. Peterson, who is a member of Medicare, is a person of interest, as specified by the Declaratory Judgment Act, and as such is subject to financial harm and loss of medical services as a result of the passage of the Act.

16. The Act was passed by the Senate and later the House passed the same version of the bill, but through reconciliation, submitted certain additions, including one which reformed the Student Loan Program.

17. H.R. 3221, the Student Aid and Financial Responsibility Act of 2009, was filed in March 2010.

18. Article 1, Section of the U.S. Constitution establishes the powers of Congress, as well as the limitation of those powers.

19. Article I, Section 8 of the Constitution does not empower Congress to take over the health care business.

20. Congress has indicated that it is relying on the Commerce Clause (Article I, Section 8 Clause 3) as the basis for its power under the Constitution to enact this legislation.

21. In support of that position, Congress has cited the case of *United States v. South-Eastern Underwriters Ass'n*, 322 U.S. 533 (1944), as indicative of its power to regulate the sale of insurance.

22. The plaintiff submits that the facts of that case are not present in this case, because the *South-Eastern Underwriters* case involved the sale of life insurance across state lines, which is not present in this case.  The sale of health insurance is controlled by the states, and there is no across state lines sales.  As the Court stated, "No commercial enterprise of any kind which conducts its activities across state lines is wholly beyond the regulatory power of Congress under the Commerce Clause."

23. In addition to the general unconstitutionality of the Act as a whole, there are certain provision of the Act, which themselves are unconstitutional.

24. The Act requires that all citizens and legal residents have health insurance or pay a penalty, which will increase to $695 per person by 2016 and $2,250 for a family.

25. Article I, Section 8 of the Constitution does not authorize Congress the power to mandate that all citizens and legal residents purchase a product which they might not want to purchase, and such legislation further violates the Ninth  Amendment to the Constitution which protects rights retained by the people and the Tenth Amendment to the Constitution which reserves powers not delegated to the United States or States to the people.

26. That provision, which imposes a fine or penalty upon one who fails to purchase the insurance, violates the Fifth Amendment to the Constitution in that it constitutes a taking of one's property without due process.

27. The passage of the Act also violates Article IV, Section 2, Clause 1 of the Constitution in that certain states, such as Louisiana, Florida, Connecticut and Nebraska, to name a few, have been the recipients of benefits which the other states have failed to receive. Consequently, the citizens of the other states shall not be entitled to all privileges and immunities of the citizens in those states who have been the recipients of the benefits.

28. The House has attempted to amend the Act, which was passed by the House by adopting legislation which is unrelated to Health Care, i.e. the reformation of the Student Loan Program, by establishing a program which prohibits student loans to the federal government alone, and removes private parties from further engaging in the student loan program. This Bill is unrelated to the Health Care Bill and was independently passed by the House of Representatives in September of 2009 and was to be submitted to the Senate for approval. The plaintiff submits it cannot be a subject of reconciliation.

29. .The plaintiff further submits that because of the addition of the Student Loan Program, the Act as passed by the Senate, is not the same Act which was passed by the House, and therefore cannot be considered law and should not have been signed by the President, in violation of Article I, Section 7, Clause 2 of the Constitution.

30. The plaintiff further submits that, because of the efforts by the President to insure the vote required to pass the Act and in making promises to certain House members in

return for their "yes" votes (many of whom had previously voted "no"), the process was tainted and it effectively amounts to an illegal vote, and consequently the Act has not been voted upon by the House and Senate as required by Article I, Section 7, Clause 2 of the Constitution.

31. The President has violated the provisions of Article II, Section 1, Clause 8 of the Constitution in failing to "preserve, protect and defend the Constitution of the United States" in signing the Act, which he knew, or should have known, was in violation of the Constitution.

## CAUSES OF ACTION

## UNCONSTITUTIONL EXERCISE OF FEDERAL POWER AND VIOLATION OF THE CONSTITUTION

32. Plaintiff realleges, adopts and incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33. The Act exceeds Congress' power under Article 1 of the United States Constitution, and cannot be upheld under the Commerce Clause, Const. Art.1, Section 8, Clause 3.

34. The Act violates the Tenth Amendment to the United States Constitution by exercising power which is reserved to the States or to the people.

35. The Act violates the Fifth Amendment to the Constitution in that it provides for a taking of one's property without due process and without just compensation.

36. The passage of the Act violates Article IV, Section 2, Clause 1 of the Constitution.

37. The passage of the Act violates Article II, Section 1, Clause 8 of the Constitution.

38. The passage of the Act violates Article I, Section 7, Clause 2 of the Constitution..

39. The Act violates the Ninth Amendment to the Constitution.

WHEREFORE, the Plaintiff respectfully requests that the Court:

A. Declare the Patient Protection and Affordable Care Act to be in violation of Article I of

   and the Fifth,  Ninth and Tenth Amendments to the Constitution of the United States;

B. Declare the passage of the Patient Protection and Affordable Care Act to be in violation

   of Article IV, Section 2, Clause 1 of the Constitution.

C. Declare the passage of the Patient Protection and Affordable Care Act to be in violation

   of Article II, Section 1, Clause 8 of the Constitution.

D. Declare the passage of the Patient Protection and Affordable Care Act to be in violation

   of  Article I, Section 2 of the Constitution.

E. Enjoin the Defendants and  any other agency from enforcing the Act against the Plaintiff.

F. Award the Plaintiff his costs and grant such other relief as the Court may deem just and

   proper.


                                           Respectfully submitted,


May 4, 2010

                                           By: Harold Peterson   Pro- Se
                                               PO Box 7070
                                               Nashua,  NH 03060
                                           (603) 888-6100